1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

9 | ADAM GARCIA,

10 |     Petitioner,

11 | vs.

12 | I. BACA, et al.,

13 |     Respondents.

14

Case No. 3:14-cv-00532-RCJ-WGC

**ORDER**

15    Petitioner has paid the filing fee.  The court has reviewed his petition pursuant to Rule 4 of

16 the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner will need

17 to show cause why the court should not dismiss this action as untimely.

18    Congress has limited the time in which a person can petition for a writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254:

20    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a
      person in custody pursuant to the judgment of a State court. The limitation period shall run
21    from the latest of—
      (A) the date on which the judgment became final by the conclusion of direct review or the
22    expiration of the time for seeking such review;
      (B) the date on which the impediment to filing an application created by State action in
23    violation of the Constitution or laws of the United States is removed, if the applicant was
      prevented from filing by such State action;
24    (C) the date on which the constitutional right asserted was initially recognized by the
      Supreme Court, if the right has been newly recognized by the Supreme Court and made
25    retroactively applicable to cases on collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been
26    discovered through the exercise of due diligence.

27 28 U.S.C. § 2244(d)(1).  If the judgment is not appealed, then it becomes final thirty days after

28 entry, when the time to appeal to the Nevada Supreme Court has expired.  See Gonzalez v. Thaler,

132 S. Ct. 641, 653-54 (2012).  See also Nev. R. App. P. 4(b), 26(a).  Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period.  28 U.S.C. § 2244(d)(2).  The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur.  Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  Section 2244(d) is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 649 (quoting Pace, 544 U.S. at 418).  Actual innocence can excuse operation of the statute of limitations.  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).  "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."  Id. at 624.  The petitioner effectively files a federal petition when he mails it to the court.  Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  The court can raise the issue of timeliness on its own motion.  Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

Pursuant to a plea agreement, petitioner was convicted in state district court of attempted sexual assault with the use of a deadly weapon and indecent exposure.  The judgment of conviction was entered on August 31, 2004.  Petitioner did not appeal, and the judgment became final on September 30, 2004.  Petitioner filed no habeas corpus petitions or other petitions for post-conviction relief in the state courts in the following year, and the federal one-year period of limitations expired on September 30, 2005.  See 28 U.S.C. § 2244(d)(1)(A).

1    On November 9, 2007, petitioner filed in state district court a post-conviction habeas corpus

2 petition.  Ultimately, the Nevada Supreme Court determined that the petition was untimely pursuant

3 to Nev. Rev. Stat. § 34.726(1).  This petition did not qualify for tolling pursuant to 28 U.S.C. §

4 2244(d)(2).  Pace, 544 U.S. at 417.  On March 14, 2014, petitioner filed in state district court a post-

5 conviction habeas corpus petition and a motion to correct an illegal sentence.  Ultimately, the

6 Nevada Supreme Court determined that the habeas corpus petition was untimely pursuant to Nev.

7 Rev. Stat. § 34.726(1).  The Nevada Supreme Court also determined that the claims in the illegal-

8 sentence motion fell outside the narrow scope of permissible claims.  The second petition, by itself,

9 was ineligible for tolling pursuant to § 2244(d)(2).  The illegal-sentence motion might qualify for

10 tolling, but in any event the one-year period had long-since expired, and there was no time left to be

11 tolled.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

12    Petitioner argues in the petition that he should not have been convicted of the deadly-weapon

13 enhancement for attempted sexual assault because he was using a utility knife, which the Nevada

14 Supreme Court has held is not a deadly weapon within the meaning of Nev. Rev. Stat. § 193.165.

15 The court considers this argument in light of 28 U.S.C. § 2244(d)(1)(D), which provides that the

16 period of limitations can start upon discovery of the factual predicate of the claim.  The court

17 concludes that § 2244(d)(1)(D) is inapplicable for two reasons.

18    First, the statute provides for a delayed commencement of the period of limitations upon

19 discovery of the factual basis of the claim.  For petitioner, the factual basis of his claim is the type of

20 knife that he used, and he knew that fact before he pleaded guilty, let alone before his judgment of

21 conviction became final.  What petitioner might not have known was the legal significance of using

22 a utility knife, but § 2244(d)(1)(D) by its terms does not apply to the discovery of the legal basis of a

23 claim.

24    Second, petitioner bases his argument upon an outdated interpretation of Nevada law.  In

25 1990, the Nevada Supreme Court determined that courts must determine whether an instrumentality

26 is an "inherently dangerous weapon" to qualify as a deadly weapon for the deadly-weapon sentence

27 enhancement of Nev. Rev. Stat. § 193.165.  Zgombic v. State, 798 P.2d 548, 550 (Nev. 1990).

28 Petitioner has cited Zgombic and other cases in the following years to support his claim that a utility

1   knife is not a deadly weapon.  However, in 1995, Nevada's legislature amended § 193.165 to define
2   a "deadly weapon" as "[a]ny weapon, device, instrument, material or substance which, under the
3   circumstances in which it is used, attempted to be used or threatened to be used, is readily capable
4   of causing substantial bodily harm or death."  The Nevada Supreme Court noted that this
5   amendment superseded <u>Zgombic</u> for those crimes that occurred after amendment of the statute, like
6   petitioner's did.  <u>See</u> <u>Steese v. State</u>, 960 P.2d 321, 334 n.6 (Nev. 1998).  It is beyond question that a
7   utility knife is capable of causing substantial bodily harm or death.  This amendment to the law
8   occurred before the crime at issue, and it, not the <u>Zgombic</u> rule, is applicable to petitioner.  For these
9   reasons, § 2244(d)(1)(D) is not applicable to petitioner.

10          Petitioner has submitted a motion for appointment of counsel.  Whenever the court
11   determines that the interests of justice so require, counsel may be appointed to any financially
12   eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district
13   court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to
14   articulate his claims <u>pro se</u> in light of the complexity of the legal issues involved."  <u>Weygandt v.</u>
15   <u>Look</u>, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas
16   proceedings.  <u>McCleskey v. Zant</u>, 499 U.S. 467, 495 (1991).  The factors to consider are not
17   separate from the underlying claims, but are intrinsically enmeshed with them.  <u>Weygandt</u>, 718 F.2d
18   at 954.  After reviewing the petition, the court concludes that appointment of counsel is not
19   warranted.

20          IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of
21   habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel.

22          IT IS FURTHER ORDERED that the motion for appointment of counsel is **DENIED**.

23          IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry
24   of this order to show cause why the court should not dismiss this action as untimely.  Failure to
25   comply with this order will result in the dismissal of this action.

26          IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney
27   General for the State of Nevada, as counsel for respondents.

28

-4-

1   IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a

2   copy of the petition and this order.  Respondents' counsel shall enter a notice of appearance herein

3   within twenty (20) days of entry of this order, but no further response shall be required from

4   respondents until further order of the court.

5   Dated:  December 22, 2014

6

7   _____

8   ROBERT C. JONES
    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28