# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ADAM GARCIA,

    Petitioner,

vs.

I. BACA, et al.,

    Respondents.

Case No. 3:14-cv-00532-RCJ-WGC

**ORDER**

    The court directed petitioner to show cause why this action should not be dismissed as untimely. Order (#5). Petitioner has filed a response (#9). The court is not persuaded, and the court dismisses this action.

    First, petitioner persists in his argument that he is actually innocent of the deadly-weapon enhancement because utility knife is not an inherently dangerous weapon that qualifies as a deadly weapon under Nev. Rev. Stat. § 193.165. The court already has explained that that argument is based upon Zgombic v. State, 798 P.2d 548, 550 (Nev. 1990), which has been superseded by a 1995 amendment to § 193.165. Order, at 3-4 (#5). Under the Nevada law in effect at all relevant times, a utility knife is a deadly weapon. Petitioner has not shown that he is actually innocent.

    The court cited Steese v. State, 960 P.2d 321 (Nev. 1998), in support of its ruling that petitioner was relying upon an outdated interpretation of Nevada law. Petitioner argues that Steese is inapplicable to his case because it involved a butcher knife, used as a murder weapon, that the Nevada Supreme Court determined was an inherently dangerous weapon. Footnote 6 explains what happened in Steese:

> We note that the rule enunciated in Zgombic was superseded in 1995 by a legislative modification of NRS 193.165(5) which provides a broader definition of "deadly weapon" than that of Zgombic. However, as Steese was convicted under the previous statute, we apply the Zgombic test to this case.

Id. at 334 n.6. Steese used the old "inherently dangerous" test because Steese was convicted under the old law. Petitioner was convicted under the new law. The court cited footnote 6 of Steese because it is a concise statement that Zgombic and the old "inherently dangerous" test have been superseded.

Second, petitioner argues that the 2007 amendments to § 193.165 should apply to him, and thus he is actually innocent of the deadly-weapon enhancement. The 2007 amendments do not apply to him because his judgment of conviction became final years before the amendments were enacted, and the Nevada legislature did not give the amendments any retroactive effect. Furthermore, the 2007 amendments did not change the definition of a deadly weapon. The 2007 amendments only changed the procedures for imposing a deadly-weapon enhancement and the possible duration of the enhanced sentence. Even if the 2007 amendments did apply to petitioner, he would not be actually innocent of the deadly-weapon enhancement.

Third, petitioner notes correctly that he had filed a petition for extraordinary relief in the Nevada Supreme Court, invoking that court's original jurisdiction. That petition does qualify for tolling under 28 U.S.C. § 2244(d)(2). Blair v. Crawford, 275 F.3d 1156 (9th Cir. 2002). However, while that tolling changes the date that the one-year period of limitation expired, the tolling does not change the ultimate determination that this action is untimely. Petitioner's judgment of conviction was entered on August 31, 2004. The judgment of conviction became final on September 30, 2004, when the time to appeal expired. One hundred seventy-three days later, on March 22, 2005, petitioner filed his petition in the Nevada Supreme Court. The Nevada Supreme Court denied the petition on April 6, 2005. A notice in lieu of remittitur issued on May 3, 2005. Nothing else was filed in state court for another two and a half years. The federal one-year period of limitation would have expired on November 11, 2005, but because that date was a holiday and a Friday, the period actually expired on November 14, 2005.

Fourth, petitioner argues for equitable tolling based upon his limited access to the prison law libraries. By itself, the argument is not persuasive, because the court receives many timely petitions from prisoners operating under the same restrictions. In petitioner's case, now that the court knows about the petition for extraordinary relief filed with the Nevada Supreme Court, the argument is even less persuasive. Petitioner had prepared a petition with his grounds for relief; he simply filed it in the wrong court. The Nevada Supreme Court told him to file a post-conviction habeas corpus petition in the state district court. Petitioner still had almost five months remaining in the state one-year period under Nev. Rev. Stat. § 34.726(1) to prepare a state habeas corpus petition and file it in the state district court. The very fact that he filed the petition for extraordinary relief shows that nothing was preventing his access to the courts. Instead, he waited two and a half years to file his first state habeas corpus petition. Petitioner has not shown neither extraordinary circumstances nor diligence required for equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010).[1]

Fifth, as an alternative to the dismissal for untimeliness, the petition is wholly without merit on its face. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The petition contains one ground for relief, with two claims inside that ground. Petitioner argues that his conviction is unconstitutional because a utility knife is not a deadly weapon under Nev. Rev. Stat. § 193.165. As the court has explained above and in its earlier order (#5), that claim is without merit under current Nevada law. Petitioner also argues that there were errors in the state post-conviction proceedings. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). Even if the court were to excuse the untimeliness of the petition, the court still would deny the petition on its merits.

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

---

[1] In addition to these arguments, petitioner cites to provisions of the California Civil Code. Petitioner does not explain, and this court does not see, how those provisions apply to a criminal proceeding that occurred in Nevada.

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Reasonable jurists would not find debatable this court's conclusion that petitioner is not entitled to equitable tolling. Reasonable jurists also would not find debatable this court's conclusion that the petition does not state a valid claim of the denial of a constitutional right. The court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that this action is **DISMISSED** with prejudice because it is untimely. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: This 9th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge